## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:08CV-247-H

**SHY HEATH**                                                                                    **PLAINTIFF**

**v.**

**CARL PAYNE** *et al.*                                                                          **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on initial review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I.

*A. Complaint*

To initiate this action, Plaintiff filed a court-supplied complaint form. As grounds for filing this action in federal court, Plaintiff alleges a Fourth Amendment violation under 42 U.S.C. § 1983 and pursuant to *Bivens*.[1] He also alleges a conspiracy to violate the constitutional right of others and defamation of character and emotional distress. As Defendants, he names: Carl Payne of the Louisville Metro Police Department; William Brown; Chad Crick; M. Klein; A. Houghton; J. Norton; W. Brown; C. Davis; C. Cunningham; E. Louden; J. Kaufling; R. Wilson; D. Boltrup; S. Collins;[2] City of Louisville; Robert White; and the Louisville Metro Police Department.

In the statement-of-claim portion of the complaint form, Plaintiff alleges that "They all conspired to false arrest, and also falsesified Arrest Sheet [and] Affidavits [and conducted]

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

[2] In the amended complaint, Plaintiff more specifically identifies this Defendant as "Sara Collins Glowgower."

Arrest without probable cause." He alleges that Chad Crick arrested Darren Malone on June 5, 2006, and that William Brown arrested Ricky Moon on April 20, 2006.

As relief, Plaintiff seeks $25 million plus punitive damages.

## B. *Amended complaint*

Subsequent to filing the complaint, Plaintiff filed a typewritten amended complaint on his own paper. He maintains that the Court has jurisdiction under § 1983 and *Bivens* for violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. He also alleges a conspiracy and malicious prosecution. He names the same Defendants as named in the original complaint and reports that "[e]ach of the defendants is, and at all time pertinent to this action has been an agent of the Louisville Police Department and was acting under color of authority of the laws of the U.S."

Plaintiff claims that on September 7, 2006, he "was driving when stopped by unmarked cars at gun point after having my car searched by K-9 and an hour wait I was placed under arrest for narcotics laws." He claims that during his hour wait, detectives entered his home and started searching without a search warrant and found no narcotics. He reports that after his arrest, he was taken to Metro Corrections, where he was fingerprinted, photographed, booked, and searched. Plaintiff maintains that these events caused, and will continue to cause, him "great humiliation, embarrass[ment], and mental suffering." He claims that he is entitled to "compensation of 25 million, plus damages."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must

dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, __,127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

The Supreme Court has recently held that when the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1).[3] *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).

In *Wallace*, the Supreme Court "specifically held that a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process

---

[3] It is unclear whether Plaintiff has sued any *federal* officers and employees, a necessary element of a *Bivens* claim. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) ("In *Bivens*, the Supreme Court recognized a right to recover damages against federal officials who violate an individual's constitutional rights."). Nonetheless, like claims arising under § 1983, "*Bivens* claims have a one year statute of limitations under Kentucky law." *Mitchell*, 343 F.3d at 825.

ends." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wallace*, 549 U.S. at 397). Further, Plaintiff's illegal search claim accrued on the date of the alleged illegal search. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure."). Here, both the allegedly illegal arrest and search accrued in September 2006, but Plaintiff did not file the instant action until a year and eight months later on May 12, 2008. Accordingly, Plaintiff's false arrest and illegal search claims as well as the broad conspiracy claim surrounding those claims fall well outside the one-year limitations period. Because those claims are untimely, they must be dismissed.

It is unclear from the record whether the malicious prosecution claim is untimely or premature. Notwithstanding this uncertainty, Plaintiff's only mention of that claim is when he writes, "Malicious Prosecutions by police; Malicious Collins Glowgower." These fragments are insufficient to state a claim for relief against any Defendant. "It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (dismissing a complaint brought under § 1983). A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). This means that Plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834

(6th Cir. 2002). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Because Plaintiff has alleged only unwarranted legal conclusions with respect to the federal malicious prosecution claim, it too must be dismissed.

Finally, under 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, to the extent that Plaintiff is raising state-law defamation, emotional distress, and/or malicious prosecution claims, the Court, having dismissed all federal claims over which it has original jurisdiction, declines to exercise supplemental jurisdiction over them and will dismiss those claims without prejudice.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4412.005